JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
MELANIE L. PROCTOR, CSBN 228971
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARYAM MOHSENZADEH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, in his Official Capacity, ) <br> United States Department of Homeland Security; ) <br> MICHAEL B. MUKASEY,* in his Official ) <br> Capacity, Attorney General, U.S. Department of ) <br> Justice; DAVID N. STILL, in his Official ) <br> Capacity, District Director, United States ) <br> Citizenship and Immigration Services; EMILIO ) <br> GONZALEZ, in his Official Capacity, Director; ) <br> Bureau of Citizenship and Immigration Services, ) <br> ) <br> Defendants. ) <br> _____) | No. C 07-5638 EDL <br><br> ANSWER |

    The Defendants hereby submit their answer to Plaintiff's Complaint in the Nature of Mandamus and for Other Injunctive Relief.

**JURISDICTION AND VENUE**

    1.  Paragraph One consists of Plaintiff's characterization of the lawsuit to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in Paragraph One.

    2.  Defendants admit the allegations in the first sentence; however, Defendants lack sufficient

_____
*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as the United States Attorney General.

ANSWER
C07-5638 EDL                        1

information to admit or deny the allegation that her file was lost. Defendants deny that Plaintiff was interviewed on June 19, 2002. Plaintiff was interviewed on November 18, 2002. Defendants admit the remaining allegations in this paragraph.

3. Defendants lack sufficient information to admit or deny the allegations in Paragraph Three, and on that basis, deny them.

4. Defendants lack sufficient information to admit or deny the allegations in Paragraph Four, and on that basis, deny them.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants lack sufficient information to admit or deny the allegations in Paragraph Six, and on that basis, deny them.

7. Defendants admit the allegations in Paragraph Seven.

8. Defendants deny the allegations in Paragraph Eight.

9. Defendants lack sufficient information to admit or deny the allegations in Paragraph Nine, and on that basis, deny them.

10. Defendants admit the allegations in Paragraph Ten.

11. Paragraph Eleven consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required.

**PARTIES**

12. Defendants admit the allegations in Paragraph Twelve regarding Plaintiff's citizenship, residence, and alien number; however, Defendants lack sufficient information to admit or deny Plaintiff's eligibility.

13. Defendants admit that Michael Chertoff is the Secretary of the Department of Homeland Security and that Emilio T. Gonzalez is the Director of U.S. Citizenship and Immigration Services. Defendants deny the remaining allegations in Paragraph Thirteen.

**FACTS**

14. Defendants admit the allegations in Paragraph Fourteen.

15. Defendants admit the allegations in Paragraph Fifteen.

16. Defendants admit the allegations in Paragraph Sixteen; however, Defendants lack sufficient

1 | information to admit or deny Plaintiff's allegation that the application was lost.

2 | 17. Defendants admit the allegations in Paragraph Seventeen.

3 | 18. Defendants admit the allegations in Paragraph Eighteen.

4 | 19. Defendants admit the allegations in Paragraph Nineteen.

5 | 20. Defendants admit the allegations in Paragraph Twenty.

6 | 21. Defendants admit the allegations in Paragraph Twenty-One regarding processing times, but
7 | deny Plaintiff's characterization that processing of her case is "overdue."

8 | 22. Defendants admit the allegation that the background check is incomplete; however, Defendants
9 | lack sufficient information to admit or deny the remaining allegations in Paragraph Twenty-Two, and
10 | on that basis, deny them.

11 | 23. Defendants admit the allegations in Paragraph Twenty-Three.

12 | 24. Defendants lack sufficient information to admit or deny the allegations in Paragraph Twenty-
13 | Four, and on that basis, deny them.

14 | 25. Defendants deny the allegations in Paragraph Twenty-Five. Legal Permanent Residents can
15 | travel outside the United States.

16 | 26. Defendants lack sufficient information to admit or deny the allegations in Paragraph Twenty-
17 | Six, and on that basis, deny them.

18 | 27. Defendants lack sufficient information to admit or deny the allegations in Paragraph Twenty-
19 | Seven, and on that basis, deny them.

**CLAIMS**

21 | 28. Defendants deny the allegations in Paragraph Twenty-Eight.

22 | 29. Defendants deny the allegations in Paragraph Twenty-Nine.

23 | 30. Defendants deny the allegations in Paragraph Thirty.

24 | The remaining paragraphs consist of Plaintiff's prayer for relief, to which no admission or denial
25 | is required; to the extent a responsive pleading is deemed to be required, Defendants deny these
26 | paragraphs.

27 | ///
28 | ///

**AFFIRMATIVE AND/OR OTHER DEFENSES**

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Date: January 7, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

        /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants